IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-00244-TAV-HBG |
| ) | |
| BARRIE M. HOYTT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER OF FORECLOSURE AND SALE

The United States and Defendant Barrie M. Hoytt agree to the following:

1. The Internal Revenue Service ("IRS"), through its Property Appraisal and Liquidation Specialist ("the PALS"), is authorized, pursuant to 28 U.S.C. §§ 2001 and 2002, to offer for sale at public auction and sell the two properties ("the Real Properties"), commonly known as 2076 Ranch Road, Dandridge, TN 37725 described as follows:

### PROPERTY #1

SITUATE, LYING AND BEING in the Second (2nd) Civil District, Jefferson County, Tennessee, and containing 3.01 acres more or less and being all that certain lot known and designated as Lot 2 of the resubdivision of Lot No. 11, LAZY M RANCH SUBDIVISION as shown on map of record in Map Book 8, Page 173, in the Register's Office for Jefferson County, Tennessee, to which map specific reference is hereby made for a more particular description.

BEING the same property conveyed to Clyde F. Mashburn and wife, Mary C. Mashburn, by deed of Dick P. McNabb and wife, Georgia M. McNabb, dated July 27, 1976, of record in the aforesaid Register's Office in Warranty Deed Book 212, page 351. The aforesaid Mary C. Mashburn is deceased, leaving Clyde F. Mashburn as surviving tenant by the entireties. Beverly M. Mashburn is the wife of the aforesaid Clyde F. Mashburn.

This conveyance is made subject to the following restrictions:

1. No mobile homes and/or house trailers, modular homes or old buildings shall be moved upon or placed on said lot.

1

2. No noxious or offensive trade or activity shall be carried on upon said lot nor shall any activity be conducted thereon which may be or may become an annoyance or nuisance to property owners in said subdivision including, but not limited to, the depositing of trash, rubbish, junk, automobile bodies and any other unsightly objects on said lot.

SUBJECT also to a 5 foot utility and drainage easement along lot lines, 20 foot easement reserved along outside lines as shown on aforementioned map of record in Map Book 8, page 173, in said Register's Office.

PROPERTY #2

SITUATE, LYING AND BEING in the Second (2nd) Civil District of Jefferson County, Tennessee, and containing 2.65 acres, more or less, and being all that certain lot known and designated as Lot 1 of the resubdivision of Lot No. 11, LAZY M RANCH SUBDIVISION, as shown on map of record in Map Book 8, Page 173, in the Register's Office for Jefferson County, Tennessee, to which map specific reference is hereby made for a more particular description; and

BEING the same property conveyed to Dennis J. Grafe and wife, Elizabeth A. Grafe, by deed of Dick P. McNabb et ux, of record in Warranty Deed Book 213, Page 107, in said Register's Office.

BUT THIS CONVEYANCE is made subject to restrictive covenants of record in Warranty Deed Book 195, Page 23, in said Register's Office.

2. The IRS, or its representative, is authorized to have free access to the Real Properties and to take all actions necessary to preserve the Real Properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Properties until the deeds to the Real Properties are delivered to the ultimate purchasers.

3. The Real Properties shall be sold by public auction at a time and place situated in Jefferson County, Tennessee, either on the premises themselves or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, to be announced by PALS after

2

first being advertised once each week for four (4) consecutive weeks preceding the time fixed for such sales in a daily newspaper of general circulation in Jefferson County, Tennessee, and by any other notice that the PALS, in its discretion, deems appropriate. The notice of sale shall contain a description of the Real Properties and shall contain the terms and conditions of sale in this order and decree.

4. The sales of the Real Properties shall be free and clear of liens or interests of the defendants and of the United States.

5. The sales shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Properties and easements and restrictions of record, if any.

6. The times and places for the sales of the Real Properties is to be announced by the IRS.

7. The PALS shall set the minimum bid on each of the Real Properties. If the minimum bids are not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid.

8. At the time of the sales, the successful bidder(s) shall deposit with the PALS, by money order or certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of Tennessee, a deposit between five and twenty percent of minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented

3

proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale.

9. The balance of the purchase price for any of the Real Properties shall be paid to the PALS within sixty days after the date the bid is accepted. Payment shall be by a certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of Tennessee. The PALS will deposit this check with the Clerk of Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the Internal Revenue Service, and the realty shall again be offered for sale under the terms and conditions of this order and decree. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further order of this Court.

10. The sale of the Real Properties shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver a deed(s) of judicial sale conveying the Real Properties to the purchaser(s). On confirmation of the sales, all interests in, liens against, or claims to, the Real Properties that are held or asserted by the plaintiff or any of the defendants in this action are discharged and extinguished.

11. After the distribution of the proceeds for either of the Real Properties, the Jefferson County Office of Clerk of Court shall proceed to record the deed(s) in favor of the purchaser(s). As a term and condition of the sale, the purchaser(s) shall bear the responsibility for recording the deed(s) with the Jefferson County Clerk of Court, and the payments of all costs, fees, and taxes of whatever kind related to the recording of the deed(s).

12. The proceeds from the sale by PALS of each of the Real Properties shall be distributed in the following order:

(a) First, to PALS in payment towards their administrative expenses;

(b) Second to the State of Tennessee to pay $5,500 in full satisfaction of the lien recorded in favor of the Tennessee Department of Labor and Workforce in March of 2005.

(b) Third, to the United States to pay all unpaid tax liabilities, penalties, and interest owed by Barrie M. Hoytt;

(c) Fourth, any remaining funds shall be paid to Barrie M. Hoytt.

13. Until the Real Properties are sold by the PALS, Barrie Hoytt shall take all reasonable steps necessary to preserve the Real Properties (including all improvements, fixtures, and appurtenances) in their current condition including, without limitation, maintaining fire and casualty insurance on the Real Properties at their own expense. Mr. Hoytt shall not commit waste against the Real Properties, nor shall they cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or the marketability of the Real Properties nor shall they cause or permit anyone else to do so. Barrie M. Hoytt shall take no actions which may tend to deter or discourage potential bidders from participating in the public auctions of the Real Properties.

14. All persons occupying the Real Properties shall permanently leave and vacate the premises upon receiving 30 days notice from the IRS taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Properties). If any person fails or refuses to vacate either of the Real Properties by the times specified in this notice from the IRS, the PALS is authorized to coordinate with the United States Marshal's Service to take all actions that are reasonably necessary to have those persons ejected. If any person fails or refuses to remove his or her personal property, such property is deemed forfeited and abandoned, and the IRS is authorized to dispose of such personal property in any manner it

5

Case 3:12-cv-00244-TAV-HBG    Document 37    Filed 04/17/15    Page 5 of 7    PageID #: 195

deems appropriate, including, but not limited to, the sale of such personal property. The proceeds of the sale of any such personal property shall be applied first to the expenses of the sale, and then remitted to the United States to be applied towards the unpaid federal tax liabilities of Barrie M. Hoytt.

15. This order shall act as a special writ of execution and no further orders or processes from the Court shall be required.

SEEN AND AGREED

For the United States:

WILLIAM KILLIAN
United States Attorney

DAVE HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

/s/ *Stephen A. Josey*
STEPHEN A. JOSEY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Telephone: (202) 307-1427
Facsimile: (202) 514-6866
Stephen.A.Josey@usdoj.gov

For the Defendant Barrie M. Hoytt:

/s/ *Paul Harrison*
PAUL HARRISON
Long, Ragsdale & Waters, P.C.
1111 Northshore Drive, Suite S-700
Knoxville, Tennessee 97919-4074
Telephone: (865) 584-4040
Facsimile: (865) 584-6084
pharrison@lrwlaw.com

For the State of Tennessee:

/s/ *Jason I. Coleman*
JASON I. COLEMAN
Assistant Attorney General
Office of the Attorney General and Reporter
General Civil Division
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-7908
Facsimile: (615) 532-5683
Jason.coleman@ag.tn.gov

Accordingly, it is now ORDERED that the above is approved by the Court; and

IT IS ORDERED that the United States may sell the Real Properties identified in this Order consistent with the language of this Order.

ENTER this 17th day of April, 20, 2015.

                                                  s/ Thomas A. Varlan
                                                  CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:12-cv-00244-TAV-HBG   Document 37   Filed 04/17/15   Page 7 of 7   PageID #: 197